UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM B. J.,

                         Plaintiff,

    -against-                                                6:20-CV-0989 (LEK)

COMMISSIONER
OF SOCIAL SECURITY,

                         Defendant.
_____

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

On August 26, 2020, Plaintiff William B. J. filed a pro se action in this Court under the Social Security Act. Dkt. No. 1 ("Complaint"). He seeks review of a determination by the Commissioner of Social Security that he was not disabled prior to July 28, 2018, but was disabled from July 28, 2018 through May 16, 2019—the date an Administrative Law Judge ("ALJ") partially denied his disability application—and is therefore ineligible for disability insurance benefits prior to July 28, 2018. Id.; see also Dkt. Nos. 13 ("Record"), 19 ("Plaintiff's Brief"); 21 ("Defendant's Brief"). For the reasons that follow, the Commissioner's partial determination of no disability is remanded for further proceedings consistent with this Memorandum-Decision and Order.

**II.    RELEVANT BACKGROUND**

    **A. Disability Allegations and Plaintiff's Testimony**

Plaintiff is a 58-year old man and was 55 years old at the time of his hearing in front of the ALJ on May 3, 2019. R. at 33, 35. In his application, Plaintiff alleges a disability onset date

of June 9, 2017 and has not had substantial gainful employment since that date. R. at 64. Plaintiff initially filed his application on June 22, 2017. R. at 142–51.

At the hearing before the ALJ on May 3, 2019, Plaintiff testified that he only had a high school education and lives with his wife. R. at 35–36. Plaintiff was previously a laborer at a cream cheese factory and a landscaper laborer. R. at 36. Additionally, Plaintiff testified about his physical impairments and accompanying treatments. R. at 39–52.

### B. The ALJ Decision and Notice of Appeals Council Action

On May 16, 2019, the ALJ issued a decision finding Plaintiff was not disabled prior to July 28, 2018, but became disabled on that date and remained disabled through the date of the decision. R. at 25. In making this determination, the ALJ first found that Plaintiff met the Social Security Administration's ("SSA") insured status requirements and had not engaged in substantial gainful activity since June 9, 2017, the alleged onset date. R. at 18. Next, the ALJ found that Plaintiff had the following severe impairments: status post cervical fusion surgery with radiculopathy and chronic neck pain; status post total left hip replacement; bilateral dupytrenes contractures of hands; status post right ring trigger finger release and tendon sheath cyst removal; and bilateral palmar fibromatosis. Id. The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). R. at 19.

Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") since June 9, 2017 to:

> perform light work as defined in 20 CFR 404.1567(b) except the following: the claimant can occasionally use his feet to operate foot

>controls with the left lower extremity; the claimant cant [sic] occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. The claimant can never climb ropes, ladders, or scaffolds. The claimant can frequently reach, handle, finger and feel with both upper extremities. The claimant can never be exposed to high, exposed places or moving mechanical parts. The claimant can stand and walk 4 hours in an 8-hour workday. The claimant would need an option to alternate to sitting for 30 minutes after every 30 minutes of standing or walking. The claimant can remain on task while sitting.

Id.

To make this finding, the ALJ considered Plaintiff's testimony and medical history, as well as the opinion evidence. Id. In considering the opinions, the ALJ assigned more weight to state agency medical consultant Dr. Koenig's opinion than to consultative examiner Dr. Lorensen or treating provider Dr. Birk. R. at 22.

Then, the ALJ determined that Plaintiff was unable to perform any past relevant work. R. at 23. Furthermore, the ALJ noted that prior to the onset date, Plaintiff was an individual closely approaching advanced age, and that on July 28, 2018, Plaintiff's age category changed to an individual of advanced age. Id. The vocational expert testified that Plaintiff would be able to perform the requirements of representative occupations such as a "Cashier II," "Routing Clerk," and "Solderer Assembler." R. at 24. Based on this testimony, the ALJ found Plaintiff "not disabled" prior to July 28, 2018. Id. However, beginning on July 28, 2018, the ALJ found that a finding of "disabled" is reached by direct application of Medical-Vocational Rule 202.06. Id.

The Appeals Council denied Plaintiff's request for review. R. at 1–6.

### III. LEGAL STANDARD

#### A. Standard of Review

"When a district court reviews an ALJ's decision, it must determine whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence in the record." Harry P. v. Saul, No. 17-CV-1012, 2019 WL 4689213, at *6 (N.D.N.Y. Sept. 26, 2019) (Kahn, J.) (citing 42 U.S.C. § 405(g)). "Substantial evidence amounts to 'more than a mere scintilla,' and it must reasonably support the decision maker's conclusion. Courtney F. v. Berryhill, No. 18-CV-47, 2019 WL 4415620, at *1 (N.D.N.Y. Sept. 16, 2019) (Kahn, J.) (quoting Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004)). "A court will defer to the ALJ's decision if it is supported by substantial evidence, even if [the court] might justifiably have reached a different result upon a de novo review." Suzanne M. v. Comm'r of Soc. Sec., No. 18-CV-485, 2019 WL 4689227, at *1 (N.D.N.Y. Sept. 26, 2019) (Kahn, J.) (internal quotation marks omitted) (alteration in original). "However, a court should not uphold the ALJ's decision—even when there is substantial evidence to support it—if it is based on legal error." Craig R. v. Berryhill, No. 18-CV-630, 2019 WL 4415531, at *1 (N.D.N.Y. Sept. 16, 2019) (Kahn, J.) (citing Bubnis v. Apfel, 150 F.3d 177, 181 (2d Cir. 1998)).

"Further, when a court considers a pro se Social Security appeal, the court must liberally construe the pro se submissions, must not disregard obvious errors, and must engage in a 'searching inquiry' to determine whether substantial evidence supports an administrative factual finding." Zadorecky v. Comm'r of Soc. Sec., No. 18-CV-6123, 2019 WL 4743655, at *2 (W.D.N.Y. Sept. 30, 2019) (citing Smith v. Comm'r of Soc. Sec., No. 12-CV-1879, 2014 WL 3392336, at *4 (N.D.N.Y. July 10, 2014)); see also Tipadis v. Comm'r of Soc. Sec., 284 F. Supp. 3d 517, 523 (S.D.N.Y. 2018) ("Also, given [plaintiff's] pro se status, we will liberally construe this argument, as well as all others in her memorandum of law, to 'raise the strongest arguments

they suggest.'") (citing McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017)).

### B. Standard for Award of Benefits

According to SSA regulations, a disability is defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). An individual seeking disability benefits "need not be completely helpless or unable to function." De Leon v. Sec'y of Health and Human Servs., 734 F.2d 930, 935 (2d Cir. 1984). To determine a claimant's eligibility for disability benefits, there is a five-step evaluation process. 20 C.F.R. § 404.1520(a)(1). If the ALJ is able to determine that the claimant is disabled or not disabled at a step, the evaluation ends. § 404.1520(a)(4). Otherwise, the ALJ will proceed to the next step. Id.

At step one, the ALJ must determine whether the claimant is engaged in "substantial gainful work activity." § 404.1520(a)(4)(i). If so, the claimant is not disabled under SSA regulations. Id. At step two, the ALJ must determine whether the claimant has an impairment, or combination of impairments, that is "severe," i.e., that "significantly limits" the claimant's "physical or mental ability to do basic work activities." §§ 404.1520(a)(4)(ii), 416.920(c). If the claimant does not have such an impairment, the claimant is not disabled under SSA standards. Id. At step three, the ALJ asks whether the claimant's medically determinable physical or mental impairment(s) are as severe as an impairment listed in Appendix 1 of Subpart P of § 404. § 404.1520(a)(4)(iii); 20 C.F.R., Pt. 404, Subpt. P, App. 1. If so, the claimant is disabled. § 404.1520(a)(4)(iii). If not, the ALJ moves on to step four and reviews the claimant's residual

5

functional capacity ("RFC") and past work. § 404.1520(a)(4)(iv). A claimant is not disabled under SSA standards if she can perform past work. Id. If the claimant cannot perform her past work, the ALJ decides at step five whether adjustments can be made to allow the claimant to work in a different capacity. § 404.1520(a)(4)(v). If the claimant "cannot make an adjustment to other work," then the claimant is disabled. Id. In the first four steps, the claimant bears the burden of proof; at step five, the burden shifts to the SSA. Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (quoting Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996)).

## IV. DISCUSSION

Plaintiff argues that the ALJ erred by (1) not adequately taking into account his impairments; and (2) failing to evaluate Dr. Birk's medical opinion properly. Pl.'s Br. at 1–2. Given Plaintiff's pro se status, and since it is the stronger argument, the Court will first analyze the second argument.

### A. Dr. Birk

"The regulations regarding the evaluation of medical evidence have been amended for claims filed after March 27, 2017, and several of the prior Social Security Rulings, including SSR 96-2p, have been rescinded." Raymond M. v. Commissioner, No. 19-CV-1313, 2021 WL 706645, at *4 (N.D.N.Y. Feb. 22, 2021). "According to the new regulations, the Commissioner 'will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." Id. (citing Revisions to Rules Regarding the Evaluation of Medical Evidence ("Revisions to Rules"), 2017 WL 168819, 82 Fed. Reg. 5844, at 5867–68 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c(a), 416.920c(a)). "Instead, the Commissioner must consider all medical opinions and 'evaluate their persuasiveness' based on the following

five factors: supportability; consistency; relationship with the claimant; specialization; and 'other factors.'" Id. (citing 20 C.F.R. §§ 404.1520c(a)–(c), 416.920c(a)–(c))).

Under the new regulations, "the ALJ must still 'articulate how [he or she] considered the medical opinions' and 'how persuasive [he or she] find[s] all of the medical opinions.'" Id. (citing 20 C.F.R. §§ 404.1520c(a) and (b)(1), 416.920c(a) and (b)(1)). However, the new regulations "eliminate the perceived hierarchy of medical sources, deference to specific medical opinions, and assigning 'weight' to a medical opinion." Id. "Of the five factors the ALJ is to consider in evaluating the persuasiveness of medical opinions, consistency and supportability are 'the most important.'" Brianne S. v. Comm'r of Soc. Sec., No. 19-CV-1718, 2021 WL 856909, at *3 (W.D.N.Y. Mar. 8, 2021) (citing Raymond, 2021 WL 706645, at *4).

An ALJ is specifically required to "explain how [he or she] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). When it comes to "supportability," the new regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." Id. at §§ 404.1520c(c)(1), 416.920c(c)(1). As for "consistency," "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." Id. at §§ 404.1520c(c)(2), 416.920c(c)(2). In other words, "[t]he 'supportability' factor asks how well a medical source supported their opinion(s) with 'objective medical evidence' and 'supporting explanations[,]'" and "[t]he 'consistency'

7

factor calls for a comparison between the medical source's opinion and 'evidence from other medical sources and nonmedical sources' in the file." Acosta Cuevas v. Comm'r of Soc. Sec., No. 20-CV-0502, 2021 WL 363682, at *14–*15 (S.D.N.Y. Jan. 29, 2021). Courts in this Circuit have remanded when the ALJ failed to address either supportability or consistency. See Rivera v. Comm'r of the Soc. Sec. Admin., No. 19-CV-4630, 2020 WL 8167136, at *14 (S.D.N.Y. Dec. 30, 2020), report and recommendation adopted, 2021 WL 134945 (S.D.N.Y. Jan. 14, 2021) ("If the ALJ fails adequately to explain the supportability or consistency factors, or bases her explanation upon a misreading of the record, remand is required."); see also Jaleesa H. v. Comm'r of Soc. Sec., No. 20-CV-1180, 2022 WL 174337, at *6 (W.D.N.Y. Jan. 18, 2022) ("On remand, the ALJ must articulate in a more detailed fashion his assessment of Dr. Fabiano's opinion, including how he considered the 'supportability' and 'consistency' factors.").

    The ALJ wrote the following about Dr. Birk's opinion:

> Treating provider Thomas Birk, D.O., opined the claimant would be unable to perform work activity (Exhibit 13F). The claimant was noted as being able to occasionally lift and carry 20 pounds, frequently lift and carry 5 pounds, and sit, stand and walk for less than 4 hours in an 8-hour workday (Exhibit 13F, p. 2). The claimant could occasionally climb and kneel, frequently balance, but never crouch, crawl, and stoop. The claimant had no limitations handling, finger, and feeling, but he could never reach (Exhibit 13F, p. 3). Dr. Birk noted that the claimant would be off task for at least 20% during an 8-hour workday. Dr. Birk's opinion is somewhat persuasive and somewhat consistent with the record because he is the claimant's treating provider. However, Dr. Birk underestimated the claimant's physical functioning ability, and did not provide a rationale for the claimant being off task or limited with sitting.

R. at 22.

    After repeating Dr. Birk's opinion, the ALJ concluded that the "opinion is somewhat persuasive and somewhat consistent with the record because he is the claimant's treating physician." Id. Such a conclusory statement would usually preclude the Court from undertaking any meaningful review. See, e.g., Jaleesa, 2022 WL 174337, at *6 ("The ALJ's conclusory analysis precludes the Court from undertaking meaningful review of his evaluation of Dr.

Fabiano's opinion."); Darla W. v. Comm'r of Soc. Sec., No. 20-CV-1085, 2021 WL 5903286, at *9 (N.D.N.Y. Dec. 14, 2021) ("The ALJ concluded her opinion had the 'most persuasive value' because, among other things, it was 'consistent with the evidence of record.'. . . This terse and conclusory analysis is inadequate because it frustrates this Court's meaningful review."), Raymond, 2021 WL 706645, at *10 ("merely stat[ing]" that a medical opinion is "not consistent with[ ] the overall medical evidence," is inadequate to meet the consistency factor.). In the very next sentence, the ALJ explained that Dr. Birk underestimated Plaintiff's physical functioning ability, and did not provide a rationale for being off task or limited with sitting. Even if this sentence is adequate to meet the supportability factor, it still is inadequate with regards to the consistency factor. There is no comparison between Dr. Birk's opinion and "evidence from other medical sources and nonmedical sources in the file." Acosta Cuevas, 2021 WL 363682, at *15. Moreover, the ALJ found Dr. Birk's opinion to be "somewhat consistent with the record," without elaborating which parts of the opinion were not consistent with the record. See Warren I. v. Comm'r of Soc. Sec., No. 20-CV-495, 2021 WL 860506, at *7 (N.D.N.Y. Mar. 8, 2021) ("The ALJ provides no further explanation as to what portions of the opinion are inconsistent with which medical evidence, and what, if any, of Dr. Lorensen's limitations garner support from the longitudinal record."). In their brief, Defendant argues that the ALJ illustrated throughout the decision why Dr. Birk's limitations were an "underestimate" and the ALJ considered the medical record to determine that some portions of Dr. Birk's opinion were consistent with the record. Def.'s Br. at 24.[1] "However, no such explicit findings were made by the ALJ, and this Court is

---

[1] Citations to filings refer to the page numbers generated by CM/ECF, the Court's electronic filing system.

not permitted to accept the Commissioner's post-hoc rationalizations for the ALJ's determination." Marthe v. Colvin, No. 15-CV-6436, 2016 WL 3514126, at *8 (W.D.N.Y. June 28, 2016); see also Hall v. Colvin, No. 15-CV-1189, 2016 WL 6989806, at *8 n.3 (N.D.N.Y. Nov. 29, 2016) ("Because [t]he ALJ did not articulate this reasoning in his decision, the court cannot accept such post hoc rationalization.") (internal quotation marks omitted) (Kahn, J.). In sum, the ALJ's conclusory analysis precludes this Court from undertaking meaningful review of his evaluation of Dr. Birk's opinion. On remand, the ALJ must articulate in a more detailed fashion his assessment of Dr. Birk's opinion and how he considered the "consistency" factor.[2]

### B. Remaining Arguments

Because the Court orders remand, it need not address the arguments relating to whether the ALJ adequately took his impairments into account. Cf. Biro v. Comm'r of Soc. Sec., 335 F. Supp. 3d 464, 472 (W.D.N.Y. 2018) ("However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach this issue.").

## V.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Commissioner's partial determination of no disability is **VACATED**, and the matter is **REMANDED** for further proceedings consistent with this Memorandum-Decision and Order; and it is further

---

[2] Although the Court finds that the consistency factor was not met, the ALJ should also consider articulating a more detailed assessment of the supportability factor. Finally, the Court expresses no opinion on whether the ALJ adequately explained the supportability or consistency factors with respect to the other medical opinions in the record, but would encourage the ALJ to reevaluate his analysis, if necessary.

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   February 4, 2022
            Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge